IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY LEON SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-108 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Leon Summers, a prisoner previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the United States of America, Greg Abbott, Ken Paxton, Chris Love, Bryan Collier, Patrick O'Daniel, Tara Burson, Sergio Perez, Jr., Heather Glover, Caleb Burson, Carlos Applewhite, the University of Texas Medial Branch at Galveston, the Texas Board of Pardons and Paroles, and John Whitmire.[1]

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed multiple motions for injunctive relief (doc. #4, doc. #5, doc. #8, and doc. #15). This Report and Recommendation considers the merits of the motions

Factual Background

Plaintiff's Amended Complaint makes vague allegations of sexual assault, sexual harassment, and physical abuse of "officers, and staff, and inmates." (Doc. #6 at 3.) Plaintiff's conclusory allegations are unsupported by any facts concerning when these incidents occurred, which

---

[1] Plaintiff filed an Amended Complaint (doc. #6), which is the live pleading in this action.

Defendants, if any, were involved in the abusive conduct, and whether Plaintiff was the victim of the conduct. Plaintiff also claims he was subjected to threatening and harassing language; received disciplinary cases; filed grievances that were not investigated; was denied medical treatment; was denied access to the law library; and was assaulted by other inmates. Plaintiff's motions requesting injunctive relief are similarly vague. Plaintiff requests the preservation of surveillance videotape from an unspecified time and location, access to legal materials, and criminal charges to be filed.

## Analysis

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363; *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Plaintiff's Amended Complaint concerns events that took place at the Gib Lewis Unit, but Plaintiff is no longer confined at that facility. Plaintiff's transfer to the Estelle Unit has mooted his request for access to legal material at the Gib Lewis Unit. *Cooper v. Sheriff, Lubbock Cnty., Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). His request for preservation of surveillance videotape lacks specificity, so it is impossible for the court to determine which videotapes he wishes to preserve. Finally, Plaintiff's request for criminal charges to be brought against one or more of the defendants

is not relief available under § 1983. *See Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.").

## Recommendation

Plaintiff's motions for injunctive relief should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE